Case 4:16-cv-00927-DPM Document 1 Filed 12/27/16 Page 1 of 10

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
DEC 27 2016
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**JOEY PLUMMER**                                        **PLAINTIFF**

**Vs.**                    **CASE NO.** 4:16-cv-927-SWW

**HASLEY CONSTRUCTION, LLC.**
**JOHN DOES 1-10**                                **DEFENDANTS**

**COMPLAINT**    This case assigned to District Judge **Wright**
and to Magistrate Judge **Volpe**

Comes now the Plaintiff, Joey Plummer, by and through his attorneys, the Baxter Law Firm, and for his Complaint to the Court, herein states:

## JURISDICTION AND VENUE

1. That the Plaintiff, Joey Plummer, is a resident of Saline County, Arkansas and was a resident of Saline County, Arkansas at all times relevant hereto.

2. That the Defendant, Hasley Construction LLC is a limited liability company organized under the laws of Kansas with its principle place of business in Kansas City, Kansas.

3. That Hasley has substantial contacts with the state of Arkansas and that this cause of action is related to those contacts, as this cause of action stems from a severe injury suffered by Mr. Plummer, due to negligent actions and

inactions on the part of Hasley on a construction site in Benton, Arkansas where Hasley served as a building contractor.

4. This is an action for personal injury where the Plaintiff is praying for more than $75,000 dollars in damages from Hasley, thus this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

5. The Doe Defendants are unknown tortfeasors and despite diligent inquiry, they remain unknown. However, all of the rest of the Defendants are believed to be foreign corporations or individuals that have substantial contacts with Arkansas and, thus, this Court will have subject matter and personal jurisdiction over these unknown entities once their exact identities are discovered.

6. This case arises from a severe injury suffered by Mr. Plummer on a construction site in Saline County, Arkansas where Hasley was a contractor. Likewise, Hasley should be considered a resident of the Eastern District of Arkansas due to its contacts with the Eastern District. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FACTS COMMON TO ALL CLAIMS

7. On or about January 28, 2016, Mr. Plummer was working for Roberto Diez Torres who was employed by Hasley to frame apartment

buildings at the Greens at Longhills Apartments in Benton, Arkansas. Mr. Torres had no duties as far as balconies or flooring where concerned, though.

8. That while working at the Greens at Longhills, Mr. Plummer was told to carry some plywood on the third floor of an apartment building that was under construction.

9. That once Mr. Plummer reached the third floor, he ascended onto the balcony of the framed building carrying a sheet of plywood. However, the floor of the balcony contained a large hole measuring 14 inches by 13.5 inches. Mr. Plummer, without being able to see the hole, stepped in the hole and fell three (3) stories, or approximately thirty (30) feet to the ground below, almost dying in the process.

10. That all railings had been taken down from the balcony in question leaving Mr. Plummer without any fall protection.

11. Based upon information and belief, it was Hasley Construction and its employees who installed the flooring on the balcony, created the hole, and failed to fix the holes. Mr. Torres or his employees did not contribute to the creation of the hole in anyway.

12. That Mr. Plummer suffered severe injuries because of this fall from the third-floor patio/deck, more than thirty (30) feet, without anything to break the fall.

## CAUSES OF ACTION:
## COUNT I. NEGLIGENCE

13. That as a contractor, Hasley, owed all subcontractors under their control and their employees a duty to act as a reasonable and prudent contractor would under the same or similar circumstances.

14. That the hole in the floor of the scaffolding on the third floor caused Mr. Plummer to fall three (3) stories, sum thirty feet to the ground below resulting in severe personal injury to Mr. Plummer.

15. That this hole was the result of reckless construction as it is simply the result of a board or boards being cut too short and not corrected. Those who created this hole certainly knew it and no imagination was necessary to know how dangerous it was. The Defendant, its employees, and agents, simply did not care and acted on the basis of this conscious indifference.

16. That Hasley, and or its agents and Doe Defendants, performed the construction of the flooring haphazardly and left the hole in the floor of the third-floor deck.

17. That Hasley, its employees, and agents and Doe Defendants, knew that this hole was in the decking and knew that numerous employees of Hasley and employees of subcontractors, such as Mr. Plummer, would be traversing and working around the deck on the third floor but did nothing to fix the hole. Thus, Hasley failed to act as a reasonable and prudent general contractor would by (a) creating the hole, and (b) failing to cover, or otherwise abate, the hazard of the hole. Both of these failures by Hasley are in direct violation of 29 CFR 1926.501(b)(4)(ii) which requires holes in flooring where employees may traverse be covered. This violation of an OSHA regulation by Hasley, even though he is not the employer of Mr. Plummer, is evidence of negligence pursuant to Dunn v. Brimer, 259 Ark. 855, 857, 537 S.W.2d 164, 166 (1976).

18. That had this hole not been present, or had it been covered, Mr. Plummer would not have fallen and thus the negligence by Hasley actually and proximately caused injuries to Mr. Plummer.

19. That knowing that a hole as large as the one in question was present in a floor where it is known that numerous workers would be traversing is simply a reckless and wanton disregard for the health of others by the Hasley, for which punitive damages should lie. The same is true of their conscious indifference as heretofore complained of herein.

## COUNT II: NEGLIGENT FAILURE TO SUPERVISE

20. That, as the general contractor, Hasley had a duty to reasonably supervise all subcontractor's conduct, including the conduct of Mr. Torres and his employees, to ensure that the subcontractors did not commit reckless and unlawful acts.

21. Regardless of any contractual language between Hasley and Torres, Hasley still retained a duty to reasonably supervise Torres as they had assumed the duty of supervising Torres, as Hasley at one point instructed Torres not to remove railings, but did not follow up on this instruction at all. Nor was it ever corrected or altered prior to Mr. Plummer's injuries therefrom.

22. That Hasley failed to reasonably supervise, as Hasley simply allowed Mr. Torres to take down all of the railings on the third story of an apartment building in direct violation of 29 CFR 1926.501(b)(13). This was reckless conduct as well.

23. If the railings had been up, Mr. Plummer would not have fallen from three stories. Thus, failing to reasonably supervise actually and proximately caused substantial damages to Mr. Plummer.

## COUNT III. NEGLIGENT FAILURE TO WARN

24. That Hasley was under a duty to warn Mr. Plummer of all foreseeable dangers that he would encounter in his employment.

25. Based upon information and belief, Hasley did not warn neither Mr. Plummer, nor Mr. Torres, about the hole in the floor of the scaffold on the third floor of the apartment building being constructed.

26. Thus, Hasley failed to warn of a clearly foreseeable danger. The absence of all railings in the face of this large hole in the scaffold floor made a third floor fall a virtual certainty.

27. Had Hasley warned Mr. Plummer, he would have been on the lookout for the hole and would not have fallen. Thus, Hasley actually and proximately caused Mr. Plummer damages by negligently failing to warn.

## COUNT IV. NEGLIGENT HIRING

28. Hasley owed Mr. Plummer a duty to only hire subcontractors that were competent to perform the necessary job safely.

29. Hasley breached this duty by hiring Mr. Torres who did not have an Arkansas contractor's license, nor did he have even a fundamental understanding of OSHA regulations, or the knowledge of how to operate a

construction job in a safe manner. Thus, Hasley acted completely unreasonably in hiring Mr. Torres.

30.     This breach of the duty of care, which was reckless conduct as well, actually and proximately caused Mr. Plummer damages.

## DAMAGES

31.     That the various complained of negligence on the part of Hasley actually and proximately caused substantial damages to Mr. Plummer including but not limited to, loss of wages, loss of wage earning capacity, loss of household duties, past and future pain suffering and mental anguish, past and future medical expenses, and Mr. Plummer has been permanently disfigured. The Plaintiff is likewise entitled to Punitive Damages due to the reckless and conscious disregard by Hasley as heretofore complained of.

WHEREFORE, the Plaintiff prays that this Court grant him judgment against the Defendant Hasley for his compenstory damages in an amount to be determined by the Court, but in an amount greater than that required for federal diversity jurisdictional purposes; the Plaintiff likewise prays for the Court to grant him judgment against the Defendant Hasley for punitive damages in an amount to be determined by the Court, but in an amount greater than that required for federal diversity jurisdictional purposes; the Plaintiff

likewise prays that this Court will grant him judgment against several Doe defendants once their identities are discovered; and for all other just and proper relief to which the Plaintiff may so be entitled.

                                                  Respectfully Submitted,

_____
Ray Baxter, Ark. Bar No. 78012
The Baxter Law Firm
3115 Alcoa Road
Benton, AR 72015
PH: 501-315-2971
FX: 501-712-2856
Email: raybaxterpa@gmail.com

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

**JOEY PLUMMER**                                                       **PLAINTIFF**

Vs.                   **CASE NO.**

**HASLEY CONSTRUCTION, LLC.**
**JOHN DOES 1-10**                                             **DEFENDANTS**

## AFFIDAVIT

After having been duly sworn to tell the truth, the whole truth, and nothing but the truth, the Affiant, Ray Baxter, herein states:

My name is Ray Baxter and I am one of the attorneys for the Plaintiff. I can attest under oath that despite diligent effort, the identities of several tortfeasors remain unknown to the Plaintiff or his counsel. Thus, this cause of action names 10 John Doe Defendants.

_____
Ray Baxter

**State of Arkansas**   }
                                }
**County of Saline**    }

After having been sworn to tell the truth, the whole truth, and nothing but the truth, Ray Baxter, gave this affidavit and signed same in my presence.

*My Commission Expires*: 10-19-2025            _____
                                                                         *Notary Public*